69537, 69538, 69539, 69540. MALPASS v. THE STATE
(four cases).
69541. MALPASS v. THE STATE.
(327 SE2d 753)

McMURRAY, Presiding Judge.

Five cases are consolidated for purposes of this appeal. Defendant Todd Barton Malpass was charged with violation of the Georgia Controlled Substances Act, driving under the influence, obstruction of an officer and simple battery (Case Nos. 69537, 69538, 69539, 69540). Defendant Michael Linton Malpass was charged with obstruction of an officer (Case No. 69541). These direct appeals are from the denial of motions for acquittal based upon OCGA § 17-7-170 and are properly before this court under the decision in *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375). *Held*:

1. In each of these cases the respective defendants filed a document entitled "Jury Demand and Demand for Copy of Accusation and List of Witnesses." The complete text of the document filed by Michael Linton Malpass is as follows: "Comes now MICHAEL LINTON MALPASS, defendant in the above-captioned case, and files this his demand for a trial by jury on all issues of fact. Defendant further files this his demand for a copy of the accusation and list of witnesses to be used against him in the trial of said case." The document filed by defendant Todd Barton Malpass relates to four charges against him and the text is as follows: "Comes now TODD BARTON MALPASS, defendant in the above-captioned cases, and files this his demand for a trial by jury on all issues of fact in each case. Defendant also files this his demand for a copy of each of the accusations and list of witnesses to be used against him in the trial of each of the above-captioned cases."

These documents, upon which defendants rely in connection with their motions for acquittal pursuant to OCGA § 17-7-170, clearly fail to comply with the standard of draftsmanship required since *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149). Contrary to defendants' contention, the prosecutor's subjective perception of the nature of these documents is no cause for variance of the *Adamczyk* rule. Because the documents in question cannot be reasonably construed as a

demand to be tried within the next succeeding term of court, the trial court did not err in denying defendants' motions for acquittal.

2. Defendants also enumerate as error (see OCGA § 5-6-34 (c)) the denial of a motion to suppress evidence. This enumeration of error relates only to Case Nos. 69537 and 69538 (violation of the Georgia Controlled Substances Act and driving under the influence) and defendant Todd Barton Malpass.

The arresting officer testified that while on routine patrol in a residential area he encountered defendant Todd Barton Malpass standing beside a truck which was parked in the roadway on the wrong side of the road. When the officer approached defendant and started to get out of his patrol car, the defendant got in the truck and proceeded to pull off. The arresting officer testified that, "I turned my blue lights on and he pulled across the roadway into a driveway and stopped." In view of the traffic violation the officer was justified in stopping the defendant. (See OCGA § 40-6-200 (a) and § 40-6-40). That is, the officer had specific and reasonably articulable facts warranting the stop of defendant and request for identification. *State v. Williams*, 156 Ga. App. 813 (275 SE2d 133).

The arresting officer further testified that after defendant Todd Barton Malpass stopped, both he and defendant got out of their vehicles. Defendant was unsteady on his feet, his speech was slurred and eyes glazed, and a strong odor of alcoholic beverage could be detected on his breath. Under the "probable cause" test, "an arrest is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing an offense. *Beck v. Ohio*, 379 U. S. 89, 91 (85 SC 223, 13 LE2d 142) (1964)." *Durden v. State*, 250 Ga. 325, 326 (1) (297 SE2d 237). We conclude that the trial court was authorized to find that the arresting officer had "probable cause" for the arrest of defendant for the offense of driving under the influence. *Griggs v. State*, 167 Ga. App. 581, 582 (1) (307 SE2d 75). See also *State v. Thomason*, 153 Ga. App. 345, 347 (2) (265 SE2d 312).

Defendant, relying upon evidence that the driveway in which he stopped was at his father's house and that he was also a resident there, invokes the decision of *Payton v. New York*, 445 U. S. 573 (100 SC 1371, 63 LE2d 639) prohibiting the police from making warrantless and nonconsensual entry into a suspect's home to make a routine felony arrest. However, since at all times relevant to this issue neither law enforcement officer nor defendant Todd Barton Malpass entered the home in question, and the arrest was accomplished outside the home, this contention is without merit. *Mincey v. State*, 251 Ga. 255, 261 (6 (a)) (304 SE2d 882).

The trial court was authorized to conclude that the specimens taken to test for blood alcohol content were lawfully obtained and that the contraband in question was found during a search incident to a lawful arrest. The trial court did not err in denying the motion to suppress.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1985 —
REHEARING DENIED MARCH 7, 1985 — 

*William R. L. Latson*, for appellants.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.